UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CARMEN CAROTHERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | No. 12 C 6620 |
| | ) | |
| **OFFICE OF THE TRANSITIONAL** | ) | Judge Joan H. Lefkow |
| **ADMINISTRATOR, EARL DUNLAP,** | ) | |
| **and the COUNTY OF COOK** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Plaintiff Carmen Carothers filed a five-count second amended complaint against the Office of the Transitional Administrator ("OTA"), Earl Dunlap, and Cook County (collectively referred to as "defendants") alleging sex, race, and disability discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").[1] Before the court is defendants' motion to dismiss Carothers's second amended complaint. For the reasons set forth below, defendants' motion to dismiss is denied.

**BACKGROUND**[2]

The OTA was created in 2007 in response to ongoing litigation concerning conditions at the Cook County Juvenile Detention Center ("CCJDC"). *See Doe* v. *Cook Cnty.*, No. 99 C 3945. The court appointed Dunlap to serve as the transitional administrator to oversee the transfer of

---

[1] This court has jurisdiction under 28 U.S.C. § 1331 and venue is appropriate under 28 U.S.C. § 1391(b).

[2] The facts in the background section are taken from the second amended complaint and exhibits attached thereto. *See Virnich* v. *Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

the CCJDC to the Office of the Chief Judge of the Circuit Court of Cook County from the executive branch of Cook County. The OTA handles day-to-day operations of the CCJDC.

In 2005, Carothers began working at the CCJDC. In 2009, she was demoted from her position as supervisor to administrative analyst. Additionally, Carothers took medical leave after suffering injuries in connection with a physical attack by a resident of the facility. The CCJDC failed to reinstate Carothers after her leave without giving an explanation. Ultimately, in 2011, Carothers was terminated from the CCJDC.

On November 2, 2009, Carothers filed a charge with the Illinois Department of Human Rights and the United States Equal Employment Opportunity Commission ("EEOC") naming the CCJDC as the respondent and alleging race, sex, and disability discrimination, and retaliation. On May 18, 2012, the EEOC issued a right-to-sue letter to Carothers.

On August 17, 2012, Carothers filed suit against the CCJDC and Cook County. The court granted defendants' motion to dismiss without prejudice finding that the CCJDC was not a suable entity and that Cook County could only be held liable for indemnification purposes. On November 21, 2012, Carothers filed an amended complaint naming the Office of the Chief Judge of the Circuit Court of Cook County and Cook County as defendants; however, this court again granted defendants' motion to dismiss without prejudice because the Office of the Chief Judge of the Circuit Court of Cook County was not a proper defendant. On January 22, 2013, Carothers filed a second amended complaint naming the OTA, Dunlap, and Cook County as defendants.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6);

*Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At the same time, the plaintiff need not plead legal theories. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). Rather, it is the facts that count.

## ANALYSIS

Defendants argue that Carothers's second amended complaint should be dismissed because (1) it is untimely and does not relate back to the filing of her initial complaint; and (2) Carothers failed to name the OTA and Dunlap in her EEOC charge.

### A. Whether Carothers's Second Amended Complaint Was Timely Filed

Defendants argue that Carothers failed to name the OTA and Dunlap as defendants within 90 days of receiving her right-to-sue letter and that her second amended complaint does not relate back to the initial complaint filed within that 90-day window.

Litigants alleging Title VII and ADA violations have 90 days to bring suit after receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *Lee* v. *Cook Cnty., Ill.*,

3

635 F.3d 969, 971 (7th Cir. 2011); *Lloyd* v. *Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009). Carothers complied with this 90-day filing mandate as she initially filed suit on August 17, 2012 within three months of receipt of her right-to-sue letter. The initial complaint, however, named the CCJDC and Cook County as defendants. Carothers did not name the OTA and Dunlap as defendants until her second amended complaint filed on January 22, 2013.

Rule 15(c) allows a complaint to relate back to an earlier timely filed complaint curing any statute of limitations issues. Fed. R. Civ. P. 15(c). Specifically, the rule provides that an amended pleading relates back to an original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c). Rule 4(m) further requires that service over a defendant be perfected within 120 days of filing a complaint. Fed. R. Civ. P. 4(m).

Defendants argue that Carothers's initial failure to name the proper defendants was not a mistake concerning the proper party's identity, which would allow her to invoke the relation

back protection in Rule 15(c)(1)(C). *See* Fed. R. Civ. P. 15(c)(1)(C)(ii).[3] The Supreme Court, however, instructs, "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Krupski* v. *Costa Crociere S.p.A.*, 130 S. Ct. 2485, 2493, 177 L. Ed. 2d 48 (2010) (emphasis in original). Carothers initially incorrectly named the CCJDC (a non-suable entity) and the Office of the Chief Judge of the Circuit Court of Cook County (the wrong party) before ultimately naming the OTA and Dunlap as defendants. While the CCJDC is not a legal entity capable of being sued, the OTA and Dunlap as operators of the CCJDC undoubtedly were aware of the pending litigation when the suit was initially filed. Accordingly, Carothers's initial failure to name the OTA and Dunlap during the 90 days after receiving her right-to-sue letter does not bar her from relying on her initial complaint that named the CCJDC as a defendant. *Cf. Joseph* v. *Elan Motorsports Tech. Racing Corp.*, 638 F.3d 555, 559–60 (7th Cir. 2011) (defendant Elan Inc. knew that it, not Elan Corp., would have been named as a defendant had it not been for the plaintiff's error). Allowing Carothers's second amended complaint to relate back to her initial filing also comports with the spirit of Rule 15(c). *See Krupski*, 130 S. Ct. at 2494 (the purpose of the relation back doctrine is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits.").

---

[3] Defendants do not dispute that Carothers's second amended complaint arises out the same conduct, transaction, or occurrence as her original pleading. *See* Fed. R. Civ. P. 15(c)(1)(B).

Defendants additionally argue that Carothers failed to serve her amended pleading on the OTA and Dunlap within the 120 days mandated by Rule 4(m) after filing her initial complaint. Under *Krupski,* however, a defendant need not be served within the 120-day period because "Rule 15(c)(1)(C)(i) simply requires that the prospective defendant has received sufficient 'notice of the action' within the Rule 4(m) period that he will not be prejudiced in defending the case on the merits." *Krupski*, 130 S. Ct. at 2497 n.5. Carothers effectuated service within 120 days of filing her initial suit on the CCJDC, which was sufficient to apprise the facility's management – the OTA and Dunlap – of the litigation. Indeed, that the Cook County State's Attorney represented the CCJDC and currently represents the OTA and Dunlap provides further evidence that defendants are intertwined to such an extent that service on the CCJDC provided the OTA and Dunlap with sufficient notice of the lawsuit when Carothers initially filed it. Nor have the OTA and Dunlap argued that they would suffer prejudice if Carothers's second amended complaint were deemed to relate back to her initial filing. *See Joseph,* 638 F.3d at 560–61. Accordingly, Carothers's second amended complaint relates back to her initial complaint making it timely as the second amended complaint was filed within 90 days of Carothers's receipt of her right-to-sue letter from the EEOC.

    **B.**    **Whether Carothers's Failure to Name the OTA and Dunlap in Her EEOC Charge Precludes Her from Maintaining Suit against Them**

Defendants argue that Carothers's failure to name the OTA and Dunlap in her EEOC charge precludes her from maintaining her Title VII and ADA claims against them. Generally, a party not named as a respondent in an EEOC charge may not be sued in a private civil action under Title VII or the ADA. *See Alam* v. *Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013); *Tamayo* v. *Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008); *Conner* v. *Ill. Dept. of Natural*

*Res.*, 413 F.3d 675, 680 (7th Cir. 2005). An exception to this general rule exists "where the 'unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance[.]'" *Alam*, 709 F.3d at 666 (quoting *Eggleston* v. *Chi. Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981)).

Carothers's EEOC charge named the CCJDC as the respondent; however, the charge did not include any of the defendants named in her second amended complaint. Still, Carothers alleged that the OTA and Dunlap had control over the day-to-day operations of the CCJDC such that they would have received notice of Carothers's complaint and would have had a fair opportunity to defend against those charges. *See Easton* v. *Coll. of Lake Cnty.*, 584 F. Supp. 2d 1069, 1076 (N.D. Ill. 2008) ("Unnamed parties to an EEOC charge have been held liable if they occupy high-level positions and their interests are substantially similar to the interests of the company."); *Triplett* v. *Midwest Wrecking Co.*, 155 F. Supp. 2d 932, 937 (N.D. Ill. 2001) ("[E]ven unnamed officers of a company are commonly found to have been properly notified of an EEOC charge when they occupy high level corporate positions because their interests are substantially similar to those of the company."); *Kennedy* v. *Fritsch*, No. 90 C 5446, 1993 WL 761979, at *7 (N.D. Ill. Mar. 1, 1993) ("While a mere corporate relationship between a named respondent and an unnamed party is said to be insufficient to establish notice, where facts indicate that the unnamed party is in a position to know of the charge and that its own conduct is likely to come under investigation as a result of the charge, suit has been allowed absent proof of no notice."). Given the unique relationship between the CCJDC, the OTA, and Dunlap as a result of the federal proceedings in *Doe* v. *Cook County*, No. 99 C 3945, Carothers's identifying

7

the CCJDC as her employer in her EEOC charge instead of the OTA and Dunlap does not foreclose her from maintaining Title VII and ADA claims against them as defendants. *Cf. Eberhardt* v. *Brown*, No. 11 C 8877, 2012 WL 5878426, at *4 (N.D. Ill. Nov. 20, 2012) ("The fact that [the plaintiff] did not correctly identify his former employer in his EEOC Charges does not automatically bar him from pursuing his Title VII and ADA claims in this case.").

## CONCLUSION

Defendants' motion to dismiss is denied. This case will be called for a scheduling conference on July 30, 2012 at 8:30 a.m.

Dated: July 8, 2013

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge